# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FREEDOM WATCH,<br>        Plaintiff<br><br>        v.<br><br>BUREAU OF LAND MANAGEMENT, *et al.*,<br>        Defendants | Civil Action No. 16-992 (CKK) |

## MEMORANDUM OPINION AND ORDER
(October 27, 2016)

Plaintiff Freedom Watch, Inc. ("Plaintiff" or "Freedom Watch") brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), alleging that a number of federal agencies have failed to produce responsive records or otherwise respond appropriately to Plaintiff's request dated May 9, 2014, (hereinafter, "May FOIA Request") for documents and other materials related to a "confrontation in Clark County, Nevada in April 2014 between armed employees of the Bureau of Land Management and supporters of Cliven Bundy grazing cattle on public lands, as well as the events and decisions leading up to the actual confrontation." Compl. at ¶ 7 (ECF No. 1). Plaintiff addressed this May FOIA Request to the Bureau of Land Management ("BLM"), the Department of Justice ("DOJ"), and the Federal Bureau of Investigation ("FBI") and has now named each of these agencies as a defendant in this action (collectively, "Defendants"). In their Answer, Defendants respond that they had "not received the FOIA request that is the subject matter of this Complaint." Defs.' Answer at ¶ 7 (ECF No. 7).

Presently before the Court is Plaintiff's [11] Request for Expedited Telephonic Status Conference and to Take Discovery of Defendants' Custodian of Records (hereinafter "Plaintiff's Motion"). By this motion, Plaintiff asks (i) "that Defendants be ordered to produce documents responsive to Plaintiff's FOIA request" as "[d]iscovery from Defendants' custodian of records;"

and (ii) that the Court hold an "expeditious status conference on this matter to discuss how the parties must proceed and to prevent Defendants from engaging in any further dilatory tactics." Pl.'s Mot. at 2. Plaintiff's [13] Reply brief succinctly clarifies any ambiguity as to the nature of Plaintiff's first request; Plaintiff does not seek discovery from Defendants' custodian of records regarding the procedures or record-keeping practices of the Defendant agencies, but rather requests through this motion "that the Court order full production of the FOIA request at this time." Pl.'s Reply at 2.

Upon consideration of the pleadings,[1] the relevant legal authorities, and the record as a whole, the Court finds that Plaintiff's request for discovery is premature, and that request shall be denied. Furthermore, with the denial of Plaintiff's request for discovery, there is no need to conduct a status conference. Rather, the Court shall lift the temporary stay of the briefing schedule that was imposed pending the resolution of the instant motion, and the Court shall, by separate Order, establish the schedule for briefing of dispositive motions that shall govern further proceedings in this matter.

## I.        LEGAL STANDARD

The District Court has "broad discretion to manage the scope of discovery." *SafeCard*

---

[1] The Court's consideration has focused on the following documents:
- Plaintiff's Request for Expedited Telephonic Status Conference and to Take Discovery of Defendants' Custodian of Records ("Pl.'s Motion"), ECF No. 11;
- Defendants' Opposition to Plaintiff's Motion for a Telephonic Status Conference and to Conduct Discovery ("Defs.' Opp'n"), ECF No. 12;
- Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Telephonic Conference and to Conduct Discovery ("Pl.'s Reply), ECF No. 13;
- Defendants' Notice to the Court, ECF No. 14;
- Plaintiff Freedom Watch's Status Report and Response to Defendants' Notice to the Court, ECF No. 15; and
- Complaint ("Compl."), ECF No. 1.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

*Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991); *Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988); *Meeropol v. Meese*, 790 F.2d 942, 960 (D.C. Cir. 1986). In FOIA cases, discovery is both rare and disfavored. *Judicial Watch, Inc. v. DOJ*, 185 F. Supp. 2d 54, 65 (D.D.C. 2002); *see also Hall v. CIA*, 881 F. Supp. 2d 38, 73 (D.D.C. 2012); *Justice v. IRS*, 798 F. Supp. 2d 43, 47 (D.D.C. 2011). Because in FOIA cases, plaintiff's entitlement to access to documents is the ultimate issue, discovery requests in these cases threaten to "turn FOIA on its head, awarding . . . [plaintiff] in discovery the very remedy for which it seeks to prevail in the suit. The courts must not grant FOIA plaintiffs discovery that would be 'tantamount to granting the final relief sought.'" *Tax Analysts v. IRS*, 410 F.3d 715, 722 (D.C. Cir. 2005) (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 734 (D.C. Cir. 1981)).

A court may, however, grant discovery in a FOIA case where "plaintiff has made a sufficient showing that the agency acted in bad faith." *Justice*, 798 F. Supp. at 47 (quoting *Voinche v. FBI,* 412 F. Supp. 2d 60, 72 (D.D.C. 2006)); s*ee also Wilson v. U.S. Dept. of Transp.*, No. 10-5295, 2010 WL 5479580 (D.C. Cir. Dec. 30, 2010). In assessing plaintiff's allegations of bad faith by the agency, the agency affidavits or declarations "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## II.     ANALYSIS

The Court must begin its analysis not with an examination of Plaintiff's current discovery request, but rather with an examination of the status of the original May FOIA Request. Plaintiff appended to its complaint a copy of the May FOIA Request, which letter indicates that it was to be sent both by U.S. Mail and by facsimile to four separate recipients: (i) the "WO FOIA

Coordinators" for the Bureau of Land Management at a Washington, DC address, (ii) the "BLM FOIA Officer" at a Reno, Nevada Bureau of Land Management office, (iii) the "Freedom of Information/Privacy Act Officer" within the Civil Division of the Department of Justice, and (iv) the "Record/Information Dissemination Section" of the Federal Bureau of Investigation. Compl., Attachment 1. In support of the instant Motion, Plaintiff has also submitted the Declaration of Jonathon Moseley, an attorney with Freedom Watch who assisted in the preparation of the May FOIA Request. Pl.'s Reply, Ex. 2. Mr. Moseley states in his Declaration that he was responsible for "researching the FOIA contact information and procedures for each of the different recipients," and further states that "[t]o the best of my recollection and belief, I recall faxing the FOIA request of May 9, 2014, to each of the recipients." *Id.* at 2. The Court notes that Plaintiff cannot provide further proof by electronic confirmation or otherwise of the fax transmittals, which Mr. Moseley explains is due to a limitation to the historical record storage by the E-FAX web-based fax service that he used to send the documents. *Id.* at 2-3. Furthermore, Mr. Moseley's Declaration is silent on whether the letters were also sent by mail. *Id.* Nevertheless, the Court has no reason to doubt the veracity of Mr. Moseley's Declaration. For the purposes of the instant Motion, the Court accepts as true both that Mr. Moseley submitted the May FOIA Request on or about May 9, 2014, on behalf of Plaintiff, and that he did so properly, in compliance with the protocols established by each of the Defendant agencies.

As a matter of law, however, the sending of a FOIA request is not the salient action that initiates a request and imposes obligations on the agencies from which documents are being requested. Rather, the *receipt* of a request by the agency is the legally significant event that triggers the commencement of the FOIA request and that enables a requester, such as Plaintiff, who is dissatisfied with the agency response to seek recourse from federal courts. Federal

jurisdiction over a FOIA claim is dependent upon a showing that an agency improperly withheld agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "If no FOIA request is received, an agency has no reason to search or produce records and similarly has no basis to respond." *Carbe v. BATF*, No. 03–1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004). "Without any showing that the agency received the request, the agency has no obligation to respond to it." *Hutchins v. DOJ*, No. 00–2349, 2005 WL 1334941, at *2 (D.D.C. June 6, 2005).

Defendants assert that they had not received the May FOIA Request until it was filed with the Complaint in this action. Defs.' Answer at ¶ 7. In opposition to Plaintiff's Motion, Defendants have submitted the declarations of David M. Hardy, the Section Chief of the Record/Information Dissemination Section (RIDS), Records Management Division of the FBI, Defs.' Opp'n, Attachment 1 (ECF No. 12-1) (hereinafter, "Hardy Declaration"), and of Ryan Witt, the Freedom of Information Act (FOIA) Officer for the Bureau of Land Management, Defs.' Opp'n, Attachment 2 (ECF No. 12-2) (hereinafter, "Witt Declaration"). Mr. Hardy sets out in detail the efforts that his department made to locate the May FOIA Request and explains the searches of the FOIPA Document Processing System ("the internal repository and application utilized by RIDS to process, track, and respond to FOIA and Privacy Act . . . requests received by the FBI") that were conducted as a part of that effort. Hardy Declaration, *passim*. Based on his review of these efforts, Mr. Hardy concluded that "[t]he FBI simply has no record of ever having received the FOIA request from plaintiff dated May 9, 2014." *Id.* at ¶ 11. Similarly, Mr. Witt explains the BLM's Electronic FOIA Tracking System and details the searches of the BLM's digital records and hard copy files for Plaintiff's May FOIA Request. Witt Declaration, *passim*. From this inquiry, Mr. Witt concluded that "it is my belief that the BLM never received

the FOIA request that Plaintiff allegedly made on May 9, 2014." *Id.* at ¶ 9.

Plaintiff, however, attacks the truthfulness of Defendants' assertions that they did not receive the May FOIA Request and contends Defendants acted in bad faith. Plaintiff claims that "Defendants have resorted to simply lying about having not received Plaintiff's FOIA request." Pl.'s Motion at 1. Plaintiff offers in support of this contention mere conjecture: "[t]hat Defendants would not be truthful about having received Freedom Watch's FOIA request is most likely the result of the politics involved in the prosecution of undersigned counsel's client, Cliven Bundy, by the U.S. Department of Justice, not coincidentally who are two of the Defendants herein." Pl.'s Reply at 1-2. Plaintiff's conjecture,[2] however, is inadequate to overcome the presumption of good faith that is afforded to agency affidavits and declarations.[3] *SafeCard Servs.*, 926 F.2d at 1200; *see also Justice*, 798 F. Supp. 2d at 46; *Wolf v. CIA*, 569 F. Supp. 2d 1, 9-10 (D.D.C. 2008). To merit this presumption of good faith, agency declarations

---

[2] Between both its Motion and Reply, Plaintiff makes only one factual assertion in support of these allegations; the Court, however, finds that even this one assertion is erroneous. Plaintiff reasons that Defendant FBI must have in fact received the May FOIA Request because "Defendant FBI even sent documentation to Plaintiff in 2014 confirming receipt of Plaintiff's FOIA request!" Pl.'s Mot. at 1-2. To support this claim, Plaintiff attaches as Exhibit A to its Motion several letters dated in June and July of 2014, from Defendant FBI acknowledging receipt of a FOIA request sent by Plaintiff and concerning topics somewhat related to the May FOIA Request. Pl.'s Motion, Ex. A. Defendants, however, explain that these letters were sent as responses *not* to Plaintiff's May FOIA Request, but rather to Plaintiff's subsequent June 4, 2014, FOIA request, which is not the subject of this case. Defs.' Opp'n at 3 (citing Hardy Decl. ¶ 10). These documents, therefore, cannot support Plaintiff's assertion that Defendants had in fact received the May FOIA Request or its conclusion that Defendants are lying and acting in bad faith.

[3] This presumption of good faith afforded to agency declarations in FOIA cases is most often applied in the court's evaluation of the agency's efforts to locate and provide documents responsive to a FOIA request in deciding a motion for summary judgment, rather than regarding the efforts made to locate the FOIA request itself. *See, e.g. SafeCard Servs.*, 926 F.2d at 1200; *Hall*, 881 F. Supp. 2d at 74; *Justice*, 798 F. Supp. 2d at 46. Whereas agency declarations enjoy a presumption of good faith at such a critical stage of the proceedings and can support a dismissal of claims without further opportunity for discovery, it follows that the presumption of good faith is all the more solidly afforded at this early stage in the proceedings.

submitted must be "'relatively detailed and non-conclusory, and . . . submitted in good faith.'"

*SafeCard Services*, 926 F.2d at 1200 (quoting *Ground Saucer Watch*, 692 F.2d at 771) (alteration

in original). Indeed, the Hardy and Witt Declarations are sufficiently detailed in their explanation

of the intake procedures used by Defendants for FOIA requests and of the efforts made here to

locate Plaintiff's May FOIA Request to meet this standard. Defendants' Declarations, therefore,

are to be afforded the presumption of good faith. Even if, however, the Court concluded that

these declarations were insufficient, discovery would not be the remedy of first resort. Rather,

the Court might first "request that the agency supplement its supporting declarations." *Judicial*

*Watch v. DOJ*, 185 F. Supp. 2d at 65.

Furthermore, after receiving the May FOIA Request with the Complaint in this case,

Defendant FBI responded by processing the May FOIA Request. Defs.' Opp'n at 3 (citing Hardy

Decl. at ¶¶ 12, 14-15); Defs.' [14] Notice to the Court.[4] The responsiveness of Defendant FBI in

processing the May FOIA Request, even when received in this unusual form as an attachment to

the Complaint in this action, offers further support of the FBI's good faith in this matter. It has

not sought to evade Plaintiff's request, but rather responded according to its standard intake

procedures upon receiving the request.[5] *See Wolf*, 569 F. Supp. 2d at 19 (finding that the further

---

[4] The Court shall clarify its understanding of Defendants' Notice to the Court in light of the confusion expressed by Plaintiff in its [15] Status Report and Response to Defendants' Notice to the Court. The Court understands the FBI's statement that it received and then processed the May FOIA Request to refer specifically to the intake and processing of the request initiated *after* Plaintiff filed a copy of the May FOIA Request as an exhibit to the Complaint in this case. This statement is in no way inconsistent or incompatible with the assertion by Defendant FBI in its Answer or in opposing the instant motion that it did not receive the May FOIA Request when Plaintiff alleges that it *initially* transmitted the request in May 2014. Defs.' Answer at ¶ 7; Defs. Opp'n at 2-3.

[5] Defendant FBI informs the Court that it has already completed its processing of the May FOIA Request. Defs.' [14] Notice to Court. Plaintiff, however, has indicated that it has not received these responses. Pl.'s [15] Status Report and Response to Plaintiff's Notice to the Court. On a practical level, it is for the parties to resolve any issues regarding Plaintiff not having yet

search efforts made by defendant CIA after plaintiff made additional "reasoned requests" following an unfruitful initial FOIA search "belie[ ] any finding of bad faith"). "Although [Plaintiff] may believe that [Mr. Hardy's and Mr. Witt's] sworn statements are disingenuous, [it] has offered no basis on which this court could conclude the presumption of good faith has been overcome." *Mobley v. CIA*, 806 F.3d 568, 582 (D.C. Cir. 2015).

Accordingly, the Court has no basis to discredit the Declarations submitted by Defendants FBI and BLM that explain that they had no record of the May FOIA Request from Plaintiff prior to the commencement of this action. Until Defendants receive this request, they have no obligation to begin searching for responsive documents or otherwise respond to it. *Hutchins*, 2005 WL 1334941, at *2. Because Defendants did not yet have an obligation to search for responsive records, any challenge to the adequacy of Defendants' search for such responsive records is premature. Plaintiff's request for "full production of the FOIA request at this time," Pl.'s Reply at 2, epitomizes the hazards of discovery in FOIA cases, where to grant what Plaintiff styles as a discovery request would be "tantamount to granting the final relief sought." *Military Audit Project*, 656 F.2d at 734. To do so here would be all the more inappropriate where Plaintiff has not yet exhausted his administrative remedies under FOIA and has not thereby developed a record as to the adequacy of Defendants' search for responsive documents. Furthermore, because Plaintiff has failed to allege facts sufficient to rebut the presumption of good faith afforded to agency declarations, Plaintiff's Motion would not support even a narrower request for limited

---

received the responses that Defendant FBI claims it has sent to Plaintiff. Plaintiff ought then to consider what it believes to be the most appropriate and efficient manner of proceeding based upon the Defendant FBI's response. On a related practical matter, the Court shall not here direct the Defendant BLM to proceed in any particular manner, but notes that the BLM did not begin processing Plaintiff's May FOIA Request as the FBI did when it received the request as an exhibit to the Complaint filed in this action.

discovery into Defendants' FOIA intake procedures. *See, e.g.*, *Gold Anti-Trust Action Comm. v. Board of Governors of the Federal Reserve*, 762 F. Supp. 2d 123, 134 n.4 (D.D.C. 2011) (denying discovery even as to plaintiffs' limited request regarding the adequacy of the defendant Board's search for responsive records where plaintiff had not shown bad faith by defendants).

### III.    CONCLUSION

Accordingly, for all of the foregoing reasons, it is hereby:

ORDERED that Plaintiff's request for discovery is DENIED; and it is

FURTHER ORDERED that Plaintiff's request for a telephonic status conference is DENIED; and it is

FURTHER ORDERED that the September 2, 2016, temporary stay of the briefing schedule previously set for Defendants' planned motion to dismiss shall be LIFTED, and the parties shall comply with the briefing schedule for Defendants' motion as set by separate Order.

**SO ORDERED.**

                        /s/
                        COLLEEN KOLLAR-KOTELLY
                        United States District Judge